**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD CLAUSNITZER; GABRIEL CONTRERAS; ANDY KUBICKI; FRANK MARTINEZ; JODY LYNN MITCHELL, and all those similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION, <br><br> Defendant - Appellee. | No. 08-56155 <br><br> D.C. No. 8:05-cv-01269-DOC-AN <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 6, 2009
Pasadena, California

Before: SCHROEDER and IKUTA, Circuit Judges, and SEDWICK,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

The named plaintiffs in a proposed collective action against Federal Express under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, appeal the district court's denial of class certification and summary judgment for the defendant.

The district court did not err in denying class certification and dismissing the claims of opt-in plaintiffs. The district court correctly denied certification because the plaintiffs failed to show they were "similarly situated" as required by 29 U.S.C. § 216(c). There was a wide variety of circumstances surrounding each of the alleged adverse employment actions. The district court did not require that plaintiffs had to have the same routes, hours, and shifts as a condition of class certification.

Summary judgment was appropriate for the individual named plaintiffs because they failed to establish a prima facie case of age discrimination. *Meacham v. Knolls Atomic Energy Lab* is not applicable because it deals with the defendant's burden after the plaintiffs establish a prima facie case. *See* 128 S. Ct. 2395, 2398 (2008).

**AFFIRMED.**